IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

UNITED STATES OF AMERICA

v.                                                   CRIMINAL NO. 3:22-cr-110-DCB-FKB

KRISTI LYNN HAYES and
JEREMY KEITH LOVELL

## AGREED PRELIMINARY ORDER OF FORFEITURE

Pursuant to a separate Plea Agreement and Plea Supplement between the Defendants, **JEREMY KEITH LOVELL**, by and with the consent of their attorney, and the **UNITED STATES OF AMERICA** (hereinafter "Government"), Defendants agree that the following findings are correct, and further agree with the adjudications made herein. Accordingly, the Court finds as follows:

1. The Defendants are fully aware of the consequences of having agreed to forfeit to the Government their interests in and to the hereinafter described property, having been apprised of such by their attorney and by this Court; and they have freely and voluntarily, with knowledge of the consequences, entered into a Plea Agreement and Plea Supplement with the Government to forfeit such property.

2. The Defendants agree, (the "**Subject Property**"):

| ASSET ID | Property Description |
|---|---|
| 22-ATF-042301 | One (1) Taurus International Pistol, Model G2C, CAL: 9mm, Serial No. ABE591911 |
| 22-ATF-042302 | One (1) Taurus International Pistol, Model G3, CAL: 9mm, Serial No. ACM612063 |
| 22-ATF-042303 | Eighteen (18) Round of Ammunition, CAL: 9mm |
| 22-ATF-042304 | Fifty (50) Round of Federal Ammunition, CAL: 9mm |

was used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of the offense charged in the Superseding Indictment [50]. Such property is,

therefore, subject to forfeiture pursuant to 21 U.S.C. § 853.

3. The Defendants have been apprised that Rule 32.2 of the Federal Rules of Criminal Procedure, and 18 U.S.C. § 982 require the Court to order the forfeiture of the **Subject Property** at, and as a part of, the sentencing proceeding. The Defendants do hereby waive such requirement and the requirement that the forfeiture be made a part of the sentence as ordered by the Court in the document entitled "Judgment in a Criminal Case." The Defendants and their attorney further agree that the Court should enter this Order immediately and agree that the forfeiture ordered hereunder will be a part of the sentence of the Court regardless of whether ordered at that proceeding and/or whether attached as a part of the said "Judgment in a Criminal Case."

IT IS, THEREFORE, ORDERED AND ADJUDGED AS FOLLOWS:

a. That the Defendants shall forfeit the **Subject Property** to the United States.

b. The Court has determined, based on the Defendants' Plea Agreements and Plea Supplements, that the following property is subject to forfeiture pursuant to 21 U.S.C. § 853, that the Defendants had an interest in such property, and that the Government has established the requisite nexus between such property and such offense.

c. The United States may conduct any discovery it considers necessary to identify, locate, or dispose of the property subject to forfeiture or substitute assets for such property.

d. The United States shall publish notice of the order and its intent to dispose of the property in such a manner as the United States Attorney General may direct. The United States may also, to the extent practicable, provide written notice to any

person known to have an alleged interest in the **Subject Property**. Fed. R. Crim. P. 32.2(b)(6).

e.  Any person, other than the above-named Defendants, asserting a legal interest in the **Subject Property** may, within thirty days of the final publication of notice or receipt of notice, whichever is earlier, petition the court for a hearing without a jury to adjudicate the validity of his alleged interest in the **Subject Property**, and for an amendment of the Order of Forfeiture, pursuant to 21 U.S.C. § 853(n).

f.  Pursuant to Fed. R. Crim. P. 32.2(b)(4)(A), this Preliminary Order of Forfeiture shall become final as to the Defendants at the time of sentencing [or before sentencing if the Defendants consents] and shall be made part of the sentence and included in the judgment. If no third-party files a timely claim, this order shall become the Final Order of Forfeiture, as provided by Fed. R. Crim. P. 32.2(c)(2).

g.  Any petition filed by a third party asserting an interest in the **Subject Property** shall be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, or interest in the **Subject Property**, the time and circumstances of the petitioner's acquisition of the right, title or interest in the **Subject Property**, any additional facts supporting the petitioner's claim, and the relief sought.

h.  After the disposition of any motion filed under Fed. R. Crim. P. 32.2(c)(1)(A) and before a hearing on the petition, discovery may be conducted in accordance with the Federal Rules of Civil Procedure upon a showing that such discovery is necessary or desirable to resolve factual issues. Fed. R. Crim. P. 32.2(c)(1)(B).

i. The United States shall have clear title to the **Subject Property** following the Court's disposition of all third-party interests, or, if none, following the expiration of the period provided in 21 U.S.C. § 853(n)(2) for the filing of third-party petitions.

The Court shall retain jurisdiction to enforce this Order, and to amend it as necessary, pursuant to Fed. R. Crim. P. 32.2(e).

SO ORDERED AND ADJUDGED this 12th day of September 2023.

_____
UNITED STATES DISTRICT JUDGE

AGREED:

_____
ADAM T. STUART
Assistant United States Attorney

_____
JEREMY KEITH LOVELL
Defendant

_____
TERENCE L. HIGH
Attorney for Defendant